# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed:  December 1, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| ROBERT DIMATTEO, | * | |
| | * | No. 10-566V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Hamilton-Fieldman |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Ruling on Entitlement; Conceded; |
| | * | Varicella Vaccine; Transverse Myelitis |
| Respondent. | * | ("TM"). |
| * * * * * * * * * * * * * * * | * | |

<u>Patricia Ann Finn</u>, Patricia Finn Esq., Piermont, NY, for Petitioner.
<u>Jennifer Reynaud</u>, United States Department of Justice, Washington, D.C., for Respondent.

## RULING ON ENTITLEMENT[1]

  On August 19, 2010, Robert and Susan DiMatteo filed a petition for compensation on behalf of their minor son, Robert DiMatteo ("Petitioner"),[2] under the National Vaccine Injury Compensation Program ("the Program").[3]  Mr. and Mrs. DiMatteo alleged that Hepatitis A and Varicella vaccinations administered to Petitioner on August 12, 2009 caused him to suffer from transverse myelitis ("TM").

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Once he reached the age of majority, Robert DiMatteo was substituted for his parents as the Petitioner in this case.  <u>See</u> Order, dated March 27, 2014, at 1.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 <u>et seq</u>. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On November 28, 2014, Respondent filed an amended report pursuant to Vaccine Rule 4(c) in which she concedes that Petitioner is entitled to compensation in this case. Specifically, Respondent agrees that "a preponderance of the evidence establishes that petitioner's TM was caused-in-fact by the administration of his August 12, 2009 varicella vaccine, and that petitioner's TM is not due to factors unrelated to the administration of the August 12, 2009 varicella vaccine." Amended Rule 4 Report at 1-2.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, the undersigned finds that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

                                         s/ Lisa Hamilton-Fieldman
                                         Lisa Hamilton-Fieldman
                                         Special Master