# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 10-566V
**Filed: March 25, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * | **PUBLISHED** |
| ROBERT DIMATTEO, | |
| Petitioner, | Special Master Hamilton-Fieldman |
| v. | Attorneys' Fees and Costs; Attorney Hours Expended; General Order No. 9. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

Patricia Finn, Patricia Finn Attorney, P.C., Piermont, NY, for Petitioner.
Jennifer Reynaud, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On August 19, 2010, Robert and Susan DiMatteo filed a petition on behalf of their son, Robert DiMatteo ("Petitioner"),[2] pursuant to the National Vaccine Injury Compensation Program.[3]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Mr. and Mrs. DiMatteo alleged that Petitioner had been administered Hepatitis A ("Hep A") and Varicella vaccines on August 12, 2009, and that the vaccines caused him to suffer from transverse myelitis ("TM").  On December 1st, 2014,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The undersigned subsequently granted Mr. and Mrs. DiMatteo's motion to amend the case caption to reflect the fact that their son, Robert DiMatteo, had reached the age of majority.  See Order, filed March 27, 2014.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

the undersigned ruled that Petitioner was entitled to a Program award for his injuries, and on October 26, 2015, the undersigned issued a decision awarding compensation to Petitioner. On October 27, 2015, judgment entered on the undersigned's decision.

Petitioner subsequently filed a timely motion for attorneys' fees and costs.[4] *See* Petitioner's Application for Final Attorneys' Fees and Costs, filed January 22, 2016, at 1. Petitioner requested compensation for attorneys' fees amounting to $78,249.00 and for attorneys' costs amounting to $20,769.19, for a total requested award of $99,018.19. *Id*. at 2. According to Petitioner and his counsel, Petitioner has personally incurred $7,997.75 in costs in pursuit of his claim. *See* General Order No. 9 Statement, filed March 18, 2016, at 1 ("Statement").

On February 8, 2016, Respondent filed substantive objections to Petitioner's application for attorneys' fees and costs [hereinafter "Response"]. Although she did not raise specific objections to the fees for which Petitioner's counsel seeks reimbursement, she noted that counsel had billed almost 20 hours of attorney time and over 44 hours of paralegal time to collect and organize documentation related to unreimbursable medical expenses, and that counsel had billed 13 hours of attorney time and 12 hours of paralegal time to review Petitioner's life care plan. Resp. Response at 2. With respect to counsel's costs, Respondent noted that the documentation submitted did not support the full $20,769.19 requested, and she objected to the requested reimbursement of $216.70 in interest charged by BelaCare. *Id*. at 3. Respondent also noted that counsel had requested compensation for costs incurred by her paralegal, Jessica Lucas, to travel from Florida, where Ms. Lucas resides, to counsel's office in New York. *Id*.

Petitioner filed a Reply to Respondent's Response on February 12, 2016 [hereinafter "Reply"]. In her Reply, Petitioner's counsel amended the amount of her firm's incurred costs to $21,919.19. Reply at 4. The total requested award, therefore, was increased to $100,168.19. *Id*. Petitioner's Reply also included additional argument regarding the costs incurred by Ms. Lucas. Reply at 1-3.

The undersigned notes that, according to the General Order No. 9 Statement filed on March 18, 2016, Petitioner has personally incurred $7,997.75 in costs, and that counsel has incurred $20,823.69 in costs. Statement at 1-2. These amounts do not appear to be consistent with the costs reflected in Petitioner's Reply. The undersigned will assume that the costs listed in the Statement are the most accurate representation of the costs for which counsel is seeking reimbursement.

On March 2, 2016, the undersigned convened a status conference to discuss Petitioner's pending fees and costs application. During the status conference, the undersigned heard additional argument from both parties and made oral findings regarding the compensability of the amounts requested in counsel's motion. *See* Order, filed March 3, 2016, at 1. The undersigned also informed the parties that an abbreviated fees and costs decision would be issued on the basis of those findings. *Id.* Finally, the undersigned directed Petitioner's counsel to file a General Order No. 9 Statement, signed both by Petitioner and by counsel, regarding Petitioner's

---

[4] Pursuant to Vaccine Rule 13(a), any request for attorneys' and costs must be filed no later than 180 days after the entry of judgment.

personally incurred costs.  *Id*.  As noted above, Petitioner filed the Statement on March 18, 2016.  *Id*.  This matter is now ripe for a decision.

Consistent with the discussion that took place during the March 2, 2016 status conference, the undersigned finds that Jessica Lucas was instrumental in bringing about an informal resolution of this case and that her travel costs were reasonably incurred.  Although the undersigned agrees with Respondent that the $216.70 in interest on an overdue balance is not compensable, the undersigned finds that every other cost incurred by Petitioner and her counsel is compensable.  The undersigned will award Petitioner's counsel $20,823.69.

The undersigned finds that the hourly rates billed by counsel and her paralegal are reasonable.  The undersigned also finds, based on lengthy experience and a review of the pleadings in this case, that the number of hours billed by counsel and Ms. Lucas was reasonable, with the following exceptions: as to the hours billed for the collection, organization, and summarization of documentation related to unreimbursable medical expenses, the undersigned hereby reduces the nearly 20 hours of reimbursable attorney time by 5 hours, and reduces the 44 hours of paralegal time by 14 hours.[5]  With regard to the time expended in reviewing Petitioner's life care plan, the undersigned will not reduce the 13 hours of billed attorney time or the 12 hours of paralegal time.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of the majority of Petitioner's request, the undersigned GRANTS Petitioner's application for payment of attorneys' fees and costs with a reduction in the number of compensable hours.

Accordingly, the undersigned awards:

**A lump sum of $95,620.95,[6] representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Robert DiMatteo, and Petitioner's counsel, Patricia Finn; and**

**A lump sum of $7,997.75, payable solely to Petitioner, Robert DiMatteo.**

---

[5] A reduction of 5 hours at Ms. Finn's attorney rate ($325.00), and of 14 hours at Ms. Lucas' rate ($115.00) results in a total reduction of $3,235.00.

[6] The total amount of fees and costs incurred by counsel and her firm is $99,072.65 ($78,249.00 in fees and $20,823.65 in costs).  The undersigned is compensating counsel's firm for $99,072.65 minus $216.70 in interest and $3,235.00 in fees related to Petitioner's unreimbursable medical expenses.  *See* fn. 5.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.